## In re SHANIN.

(District Court, D. Massachusetts. March 15, 1922.)

### No. 58864.

1. **Aliens ⚭62—"Well disposed" toward government refers to mental attitude.**
   Within Naturalization Act, § 4, par. 4 (Comp. St. § 4352), requiring an applicant to be well disposed to the good order and happiness of the United States, the expression "well disposed" refers particularly to the mental attitude of the applicant, with intent to exclude from citizenship persons disbelieving in our form of government or hostile to it.

2. **Aliens ⚭62—"Attached to principles of Constitution" implies willingness to support them.**
   Within Naturalization Act, § 4, par. 4 (Comp. St. § 4352), the provision requiring petitioner to be attached to principles of the Constitution means attachment to the principles of free government, and "attachment" is a stronger word than "well disposed," used later in the section, and implies a depth of conviction which would lead to active support of the principles in question.

3. **Aliens ⚭62—Claim of exemption from draft held to disprove attachment to Constitution.**
   The fact that an alien, who was unmarried and without dependents, claimed exemption from draft during the war as a nondeclarant alien, and shortly after the Armistice filed his declaration of intention, relying on the period of the war as part of the period of residence entitling him to naturalization, is sufficient to show that he is not attached to the principles of the Constitution, and not entitled to naturalization.

4. **Aliens ⚭62—Legal right to claim exemption does not prevent alien from disproving attachment.**
   The fact that an alien had a legal right to claim exemption from the draft, and that the courts should not inquire into his motives for exercising that right, does not prevent such exercise, under the circumstances of the case, from disproving that the alien was attached to the principles of our Constitution.

Petition by Benjamin Shanin for naturalization. Petition dismissed.

Homer Albers, of Boston, Mass., for petitioner.
The United States Attorney, for the United States.

MORTON, District Judge. The facts are as follows: Shanin, the petitioner for naturalization, came to this country in 1912, being then 17 years old, and he has since continuously resided here. At the time of our entry into the war he was unmarried and without dependents, a resident of Massachusetts. He registered under the draft, and in his questionnaire claimed exemption from military service as a nondeclarant alien. Exemption was duly accorded to him on that ground.

About three months after the Armistice, on February 13, 1919, he made a declaration of intention to become a citizen of this country. On May 31, 1921, he filed the present petition based on that declaration. He is a student of law and desires to be admitted to citizenship, in order, among other reasons, to be eligible to the bar examination. He appears to be a man of good moral character; the only objection made to his admission being based on his claim of exemption from military service here.

The provisions of the Naturalization Act which are here in question read as follows:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same. In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the facts of residence, moral character, and attachment to the principles of the Constitution shall be required, and the name, place of residence, and occupation of each witness shall be set forth in the record." Paragraph 4 of section 4, Act June 29, 1906 (Comp. St. § 4352).

[1, 2] The expression "well disposed to the good order and happiness of the same" refers more particularly to the mental attitude of the petitioner toward this country, and doubtless was inserted in order to exclude from citizenship persons who disbelieve in the form of government embodied in our Constitution or are hostile to it. I see no reason to doubt that the petitioner is "well disposed to the good order and happiness of" this country. The present case appears to turn on the preceding phrase, "attached to the principles of the Constitution of the United States." Attachment to the principles of the Constitution means, I take it, attachment to the principles of free government which are embodied in that instrument. "Attachment" is a stronger word than "well-disposed." Used in this connection it implies, I think, a depth of conviction which would lead to active support of the principles in question, to doing one's share to maintain them. It is to persons holding such views, and to them only, that citizenship in this country is open.

[3] If this be the correct interpretation of the statute, the petitioner is not entitled to admission. Although he had been for several years resident here at the time of the war, and was so situated that he could with a minimum of hardship render military service to this country, he was not willing to do so. His attitude was very different from that of many thousands of nondeclarant aliens, who waived exemption and served in its armies. Nevertheless he contends that the period during which he refused to serve should be included in the five years as to which it is necessary for him to show, not only that he resided here, but also that he was attached to the principles of the Constitution. Without undertaking to say that a refusal to do military service would in every case and under all circumstances be convincing evidence of lack of such attachment, I think it is so in this instance. Moreover, the

petitioner made no declaration of intention until the danger of the war was passed, and then he speedily filed the one on which he now relies. It seems probable, in spite of his protestations to the contrary, that he withheld his declaration for the purpose of avoiding military service, which emphasizes his lack of attachment to the country, and amounts, perhaps, to a fraud on the law.

[4] The petitioner contends that he exercised his legal rights, and that the court ought not to inquire into the motives, whether creditable or the reverse, which actuated him in so doing. Subject to what is said in the preceding paragraph, I agree with this contention. The difficulty with the petitioner's case is that he does not appear to have been "attached to the principles of the Constitution," as those words are used in the statute, during the five years preceding the filing of his petition; and I so find.

Petition dismissed.